UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| LATHAM & WATKINS LLP,<br><br>        Plaintiff,<br><br>v.<br><br>HIRING-LW.COM,<br><br>        Defendant. | Civil Action No. 1:17-cv-01368-LMB-JFA |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
LATHAM & WATKINS LLP'S MOTION FOR DEFAULT JUDGMENT**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. SUBJECT MATTER AND PERSONAL JURISDICTION................................................2

III. LATHAM'S COMPLAINT SUFFICIENTLY PLEADS A CLAIM OF CYBERSQUATTING ..................................................................................................3

IV. LATHAM HAS MET THE PROCEDURAL REQUIREMENTS FOR DEFAULT JUDGMENT ..................................................................................................7

V. THE RELIEF SOUGHT IN LATHAM'S COMPLAINT SHOULD BE GRANTED ..................................................................................................8

VI. CONCLUSION..................................................................................................8

**I.   INTRODUCTION**

Plaintiff Latham & Watkins LLP ("Latham") respectfully submits this memorandum in support of its Motion for Default Judgment, which has been filed concurrently with this memorandum pursuant to Fed. R. Civ. P. 55(b)(2).

Latham is among the largest and most highly regarded law firms in the world.  Latham depends on its ability to recruit talented employees, and many applicants are drawn to Latham based on its reputation.  (*See* ECF No. 1 ("Compl.") ¶¶ 9-10, 15, 27.)  However, an unknown scammer ("Defendant") maliciously registered the domain name <hiring-lw.com> ("Infringing Domain Name") in violation of Latham's trademark rights and in an effort to defraud members of the public.  (*See id.* ¶¶ 16-23.)  Defendant used the Infringing Domain Name to offer at-home employment opportunities with Latham to members of the public.  (*Id.*)  Once "hired," Defendant would direct potential victims to purchase office equipment to outfit their homes and send each victim a check (which later bounced) to cover those expenses.  (*Id.*)  Defendant would then direct the victims to immediately return the remaining funds via wire or other electronic means after making these purchases.  (*Id.*)  By the time the check bounced, the victims had already sent their own personal money to Defendant, and the scam was complete.  (*Id.*)  By using the <hiring-lw.com> domain name and impersonating Latham personnel, Defendant has not only bilked unsuspecting victims out of thousands of dollars, it has violated and harmed Latham's longstanding trademark rights (including the LATHAM & WATKINS name as well as associated logos and terms such as "LW"), and damaged Latham's outstanding reputation and goodwill.  (*Id.*)  This conduct constitutes cyberpiracy in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2)(A) ("ACPA"). (*Id.* ¶¶ 24-28.)

Latham filed its Complaint (ECF No. 1) on November 30, 2017.  Despite being served, Defendant has not responded to the Complaint, and on May 14, 2018 the Clerk entered default

1

against Defendant (ECF No. 19). By this default, Defendant has conceded the truth of the allegations contained in the Complaint. There is no genuine issue of material fact remaining in this suit, and default judgment should be entered for Latham transferring the Infringing Domain Name to Latham.

## II.    SUBJECT MATTER AND PERSONAL JURISDICTION

This Court has *in rem* jurisdiction over the Infringing Domain Name pursuant to 15 U.S.C. §1125(d)(2)(A) because Latham cannot obtain *in personam* jurisdiction over Defendant. (Compl. ¶¶ 6-8.) The Infringing Domain Name is registered to a privacy service, and Defendant's identity remains unknown despite repeated attempts by Latham to contact Defendant. (*Id.* ¶¶ 4, 6-8, 22; *see also* ECF No. 11.)

*In rem* jurisdiction is also proper because, despite due diligence, Latham was not able to locate a person who could have been a defendant in a civil suit under 15 U.S.C. § 1125(d)(1), and because Latham has sent notice to the record owner of the Infringing Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa). With leave of Court, Latham also subsequently affected service by publication under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb). (*See* ECF Nos. 14-16.) Latham published notice of this action in *The Washington Post* and sent a copy of the Order of this Court to the address given for Defendant by the privacy server where the Infringing Domain Name is registered. (*See* ECF No. 15 ¶¶ 4-5; *see also* Declaration of Bert C. Reiser In Support of Latham & Watkins LLP's Motion for Default Judgment ("Reiser Decl.") ¶ 3.)

*In rem* jurisdiction is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C)(i) because both the domain name registrar, Network Solutions LLC, and domain name registry, VeriSign Global Registry Services, for the Infringing Domain Name have their principal places

of business in this judicial district. (Compl. ¶¶ 3, 5.) Venue is proper in this judicial district pursuant to 15 U.S.C. §§1125(d)(2)(A), (C). (*Id.* ¶ 8.)

### III. LATHAM'S COMPLAINT SUFFICIENTLY PLEADS A CLAIM OF CYBERSQUATTING

Latham is a limited liability partnership organized and existing under the laws of the state of Delaware. (Compl. ¶ 1.) It is one of the world's top law firms and is widely known for offering superior legal services. (*Id.* ¶¶ 9-10.) Since its founding in 1934, Latham has offered professional legal services under the LATHAM & WATKINS trademark and associated logos and terms, including the "LW" term, which is shorthand for Latham & Watkins. (*Id.* ¶ 11.)

Latham also owns and operates the <lw.com> domain name and uses it to host its primary website, send and receive emails, and otherwise conduct business around the world. Latham registered the <lw.com> domain name in October 1994 and has continuously used it since. (Compl. ¶ 12.) Latham personnel's email addresses are formatted as: [FirstName].[LastName]@lw.com. (*Id.* ¶ 13.)

The <lw.com> domain name uniquely identifies Latham and assures clients, opposing parties, and other stakeholders that they are in fact corresponding with a Latham lawyer or employee. (Compl. ¶ 13.) Because the <lw.com> domain name features the distinctive LW mark, the public has come to associate the LW trademark and the <lw.com> domain name with Latham and, in turn, with the high standard of excellence Latham has earned and maintained over its many decades of providing high-quality legal services. (*Id.*) Latham also maintains a large portfolio of "lw" derivative domain names. (*Id.* ¶ 14.)

Through Latham's widespread and continuous use of the "LW" term to provide its legal services in interstate commerce, the LW trademark has acquired extensive goodwill, developed a high degree of distinctiveness, and become well-known and recognized as identifying services

3

originating from Latham.  (Compl. ¶ 15.)  Latham, accordingly, has obtained strong trademark rights in the LW term, as well as all associated trademarks (e.g., Latham & Watkins).  (*Id*.)  Latham is the owner of multiple trademarks, including the following U.S. trademark registrations (*Id.*; *see also* Reiser Decl. ¶ 4.)

| Trademark | Reg. No. Reg. Date | Description of Goods & Services |
|---|---|---|
| LATHAM & WATKINS | 2413795 12/19/00 | IC 042: Providing information in the field of law via a website on global computer networks and legal services. |
| LATHAM & WATKINS | 4976906 6/14/16 | IC 035: advisory services relating to business management and business operations; business assistance, management and information services; business management consultancy services; business records management services relating to business entity formation and associated state reporting requirements; new business venture development and formation consulting services; business acquisition and merger consultation; providing electronic tracking of intellectual and industrial property assets to others for business purposes; consulting services in the field of managing intellectual properties; providing an online searchable database featuring business information that features a glossary of business terms; business networking services; business consulting and advising services pertaining to business sales, mergers, acquisitions and business valuations; business management consulting and advising services in the field of mergers and acquisitions, bankruptcy and financing; consulting and advising services in the field of tax; arranging and conducting of business conferences in the fields of business and law. <br><br> IC 036: financial consulting and advising services pertaining to business sales, mergers, acquisitions and business valuations; financial consulting and advising services in the fields of mergers and acquisitions, tax, bankruptcy, real estate, and financing. |
| LATHAM & WATKINS | 4968228 5/31/16 | IC 041: arranging and conducting of educational conferences and seminars in the fields of business and law; providing online publications in the nature of e-books in the fields of business and law; providing online non-downloadable videos featuring information and instruction in the fields of business and law; providing online non-downloadable newsletters and articles in the fields of business and law; online non-downloadable videos in the fields of business and law. <br><br> IC 045: legal services; consulting in the field of intellectual property licensing; providing information and advisory services in the fields of business law, environmental law, litigation, and intellectual property; providing an online searchable database in the legal services field featuring a glossary of legal terms. |
| LATHAM & WATKINS | 4986824 6/28/16 | IC 009: downloadable publications in the nature of newsletters and articles in the fields of business and law; downloadable software applications for mobile devices which provide a glossary of business and legal terms; downloadable electronic publications in the nature of e-books in the fields of business and law; downloadable software and mobile application software for conducting legal research in the field of antitrust issues; downloadable software and mobile |

4

|  |  | application software providing an interactive database of terminology, hyperlinks, and a summary of legal information in the field of antitrust issues. IC 016: printed publications, namely, glossaries, and reference materials in the nature of books, pamphlets, and brochures in the fields of business and law. |
|---|---|---|

Each of these registrations is valid and subsisting and, with respect to Registration No. 2413795, is conclusive evidence of the validity of the registered mark and of the registration of the mark, of Latham's ownership of the mark, and of Latham's exclusive right to use the registered mark in commerce on or in connection with the goods or services covered by the registration. *See* 15 U.S.C. § 1115(b). Latham has not licensed or otherwise authorized Defendant or anyone associated with the Infringing Domain Name to use any Latham trademark. To the contrary, the Infringing Domain Name was registered without authorization and used to scam members of the public by the use of the Latham & Watkins name and Latham trademarks. (Compl. ¶¶ 16-23, 27-28.)

Under the ACPA, a person is liable to a trademark owner if that person has a bad faith intent to profit from the trademark owner's mark, and the person registers, traffics in, or uses a domain name that is identical or confusingly similar to or dilutive of that mark. 15 U.S.C. § 1125(d)(1)(A); *Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662-63 (E.D. Va. 2006); *see also Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 234-41 (4th Cir. 2002) (owner of a concurrent mark acted in bad faith with the intent to profit from the goodwill of the plaintiff's mark because it intended "to use those names in a manner calculated to confuse and deceive [customers] seeking to do business with [the plaintiff]"); *Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264, 271 (4th Cir. 2001) (owner of a domain name acted in bad faith because "it was aware of the potential confusion with the VW mark, and by its statement to Volkswagen that users would instinctively use the *vw.net* address to link to Volkswagen's web site").

5

Since neither Defendant nor anyone claiming an affiliation with the Infringing Domain Name has responded or otherwise pled in this matter, the allegations contained in Latham's Complaint are deemed admitted.  Fed. R. Civ. P. 8(b)(6); *Jack in the Box, Inc. v. Jackinthebox.org*, 143 F. Supp. 2d 590, 592 (E.D. Va. 2001) ("Since this civil action is in default, the facts as stated in the complaint are deemed admitted and true."); *see also Bd. of Trs. v. J & R Installations, Inc.*, No. 1:09cv1304 (LMB/JFA), 2010 U.S. Dist. LEXIS 57899, at *12 (E.D. Va. Apr. 20, 2010) ("A defendant in default admits the factual allegations in the complaint.").  Latham's Complaint pleads both the bad faith intent of Defendant to profit from Latham's marks and Latham's reputation on the basis of the confusingly similar nature of the Infringing Domain Name to those marks.  (Compl. ¶¶ 26-28.)

Further, the bad faith intent to profit and the confusingly similar nature of the Infringing Domain Name are evident from the domain name itself, which incorporates a well-known and protectable acronym used to describe Latham & Watkins.  The ACPA lists several factors that the Court may consider in determining bad faith, including:

> (III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;
>
> ***
>
> (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
>
> ***
>
> (VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties.

15 U.S.C. § 1125(d)(l)(B)(i)(III)-(VIII).  Bad faith is clear here because the facts alleged in the Complaint have been deemed admitted, and Defendant used Latham's trademarks to create actual confusion as to the ownership of the Infringing Domain Name by scamming innocent job applicants.  (*E.g.* Compl. ¶¶ 16-23.)  In addition, Defendant has not used the Infringing Domain Name in connection with the bona fide offering of goods and services, and has harmed Latham's goodwill in its trademarks for the (fraudulent) commercial gain of Defendant.  (*Id.*)

### IV.  LATHAM HAS MET THE PROCEDURAL REQUIREMENTS FOR DEFAULT JUDGMENT

On November 30, 2017, Latham filed its Complaint alleging violation of the ACPA, requesting relief, including a transfer of the Infringing Domain Name to Latham.  (Compl. ¶¶ 7-8.)  Pursuant to 15 U.S.C. §1125(d)(2)(A)(ii)(II)(aa), Latham sent notice of the alleged violation, as well as Latham's intent to proceed under the ACPA on the basis of *in rem* jurisdiction, to Defendant prior to filing the Complaint.  (ECF No. 12 ¶¶ 3-4.)  Latham received no relevant response to those communications.  (*Id.*)

Pursuant to the Court's Order to Publish, Latham published notice of this suit in *The Washington Post on* March 22, 2018, and a copy of the order was sent to Defendant on March 19, 2018.  (ECF No. 16.)

The deadline to answer or otherwise defend this action as set forth in the Order to Publish Notice of Action was twenty-one (21) days after publication, or April 12, 2018.  No party asserting rights in the Infringing Domain Name entered an appearance, responded to the Complaint, or otherwise defended this action. (ECF No. 18 ¶ 6; *see also* Reiser Decl. ¶ 3.)  The Clerk of the Court entered default against Defendant on May 14, 2018.  (ECF No. 19.)  Accordingly, entry of default judgment is now appropriate and Latham requests the relief sought in its Complaint, including transfer of the Infringing Domain Name to Latham.

## V. THE RELIEF SOUGHT IN LATHAM'S COMPLAINT SHOULD BE GRANTED

Pursuant to the ACPA, remedies for an *in rem* proceeding include the forfeiture or cancellation of the domain name or transfer of the domain name to the owner of the mark. 15 U.S.C. § 1125(d)(2)(D)(i). The domain name registry for the Infringing Domain Name is VeriSign Global Registry Services. (Compl. ¶ 5.) The registrar of the Infringing Domain Name is Network Solutions, LLC. (*Id.* ¶ 3.) The registrant of the Infringing Domain name is Perfect Privacy, LLC. (*Id.* ¶ 4.)

This Court may properly enter a default judgment and issue an injunction ordering VeriSign Global Registry Services to transfer the Infringing Domain Name to Latham's preferred registrar (Safenames, LTD). *See Am. Online, Inc. v. AOL.org*, 259 F. Supp. 2d 449, 453-55 (E.D. Va. 2003) (discussing the scope of a court's order to a registry with respect to the transfer of a domain name); *see also Harrods*, 302 F.3d at 232 ("Transfer or cancellation of the defendant domain names is the only remedy available under § 1125(d)(2)'s in rem provision . . . ."); *United Air Lines, Inc. v. Unitedair.com*, No. 1:12cv0143 (GBL/JFA), 2012 U.S. Dist. LEXIS 95536, at *16 (E.D. Va. June 11, 2012) ("The ACPA provides that, upon a finding of a violation, the court has discretion to cancel the domain name registration or order it transferred to the trademark owner.").

## VI. CONCLUSION

For the reasons stated above, Latham respectfully requests that the Court grant this Motion and enter default judgment against Defendant as set forth in the Proposed Order submitted with this Motion.

8

Dated: May 23, 2018                              Respectfully submitted,

                                                          LATHAM & WATKINS LLP

                                                          By /s/*Bert C. Reiser*
                                                              Bert C. Reiser (VA Bar No. 31856)
                                                              LATHAM & WATKINS LLP
                                                              555 Eleventh Street, NW, Suite 1000
                                                              Washington, DC 20004
                                                             202.637.2200 / 202.637.2201 (Fax)
                                                             bert.reiser@lw.com

                                                              Perry J. Viscounty*
                                                              LATHAM & WATKINS LLP
                                                              650 Town Center Drive, 20th Floor
                                                              Costa Mesa, CA  92626-1925
                                                              714.540.1235 / 714.755.8290 (Fax)
                                                             perry.viscounty@lw.com
                                                              *admitted pro hac vice*

                                                              Jennifer L. Barry*
                                                              Patrick C. Justman*
                                                              12670 High Bluff Drive
                                                              San Diego, CA  92130
                                                              858.523.5400 / 858.523.5450 (Fax)
                                                              jennifer.barry@lw.com
                                                              patrick.justman@lw.com
                                                              *admitted pro hac vice*

                                                              *Attorneys for Plaintiff*
                                                              Latham & Watkins LLP

**CERTIFICATE OF SERVICE**

I certify that on May 23, 2018 I caused a copy of the foregoing to be served on the following via U.S. Mail:

Perfect Privacy LLC
12808 Gran Bay Parkway West
Jacksonville, FL 32258

and via email upon:

*5felv03raug3i88j53b2k4frj7@domaindiscreet.com*

/s/*Bert C. Reiser*
Bert C. Reiser (VA Bar No. 31856)
bert.reiser@lw.com