IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| LATHAM & WATKINS LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:17cv1368 (LMB/JFA) |
| | ) | |
| HIRING-LW.COM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 20). In this action, plaintiff Latham & Watkins LLP ("plaintiff") seeks a default judgment ordering that the registration for the domain name defendant, <hiring-lw.com>, be transferred to it. Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On November 30, 2017, plaintiff filed a single count complaint against domain name <hiring-lw.com>. The complaint alleges a violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"). (Docket no. 1). On March 16, 2018, plaintiff moved to either waive service by publication, or enter an order permitting service by publication. (Docket no. 10). On that same day, the court ordered plaintiff to file a notice in either *The Washington Post* or *The Washington Times* and to send a copy of the order to the registrant for the defendant domain name at the listed physical address and email address provided to the registrar notifying the registrant that it had twenty-one (21) days from the date of publication to

file a responsive pleading. (Docket no. 14). On March 23, 2018, plaintiff filed a proof of publication affirming that it published a notice of this action in *The Washington Post* on March 22, 2018. (Docket no. 15-3). Plaintiff also affirmed that it sent a copy of the publication order to the physical address and email address provided by the registrant to the registrar. (Docket no. 15). On May 10, 2018, the court directed plaintiff to obtain an entry of default (Docket no. 17), which it requested on May 11, 2018 (Docket no. 18), and received as to the defendant domain name <hiring-lw.com> on May 14, 2018 (Docket no. 19). On May 23, 2018, plaintiff filed this motion for default judgment (Docket no. 20) and noticed the hearing for June 8, 2018 at 10:00 a.m. (Docket no. 23). The certificates of service on the motion and notice of hearing indicate that the registrant was sent both documents at the physical address and email address provided to the registrar for the defendant domain name. (Docket nos. 20, 23). At the hearing on June 8, 2018, counsel for the plaintiff appeared, but no one appeared on behalf of the defendant domain name or to make a claim to the defendant domain name.

## **Factual Background**

The following facts are established by the complaint (Docket no. 1) ("Compl."). Plaintiff Latham & Watkins LLP is one of the world's largest law firms with over 2,220 attorneys in fourteen different countries around the globe. (Compl. ¶ 9). Plaintiff has offered professional legal services under the "LATHAM & WATKINS" mark and associate logos and terms, including the "LW" term since its founding in Los Angeles, California in 1934. (Compl. ¶ 11). Plaintiff owns and operates the <lw.com> domain name, which it registered in October 1994, and uses it to host its primary website, send and receive emails, and otherwise conduct business around the world. (Compl. ¶ 12). Through plaintiff's widespread and continuous use of the "LW" mark to provide its legal services in interstate commerce, the mark has acquired extensive

goodwill, developed a high degree of distinctiveness, and become well-known and recognized as identifying services originating from plaintiff. (Compl. ¶ 15).

The defendant domain name <hiring-lw.com> is a domain name registered on October 6, 2016 with the registrar Network Solutions LLC and the registry for this top level <.com> domain name is VeriSign Global Registry Services. (Compl. ¶¶ 2, 3, 5). The registrant for the defendant domain name listed in the WHOIS database is Perfect Privacy LLC. (Compl. ¶ 4). For a fee, Perfect Privacy LLC provides its contact information on the public WHOIS database so the true registrants of domain names may avoid disclosing their identifying information. (*Id.*).

Plaintiff recently learned of various scams being perpetrated against the public that use the <hiring-lw.com> domain name and impersonate various members of the plaintiff law firm. (Compl. ¶ 16). On November 2016, a member of the public received an email from the <hiring-lw.com> domain name regarding potential employment with plaintiff using the name of an associate from plaintiff's London office in its standard [FirstName].[LastName] email format. (Compl. ¶¶ 14, 17). The potential victim began to doubt the scammer's identity and ultimately emailed the impersonated associate to alert her that her email account may have been hacked. (Compl. ¶ 19). Other victims went through the same process wherein they received fraudulent offers for work-from-home positions with plaintiff, at which point the scammers would mail a check to each victim and direct them to furnish a home office and refund the remaining amounts. (Compl. ¶ 20). By the time the initial check from the scammers bounced, the victims had already purchased the home equipment and sent the scammers the "remaining" funds from their own personal accounts. (Compl. ¶ 20). Other victims were directed to submit a check to cover training materials with a fraudulent promise of future reimbursement. (Compl. ¶ 21).

3

On November 28, 2016, plaintiff wrote to Network Solutions LLC and Perfect Privacy LLC with an electronic copy to the domain name registrant's listed email address, demanding that the <hiring-lw.com> domain name be disabled, and the true owner's identity be revealed, and that the domain name be surrendered to plaintiff. (Compl. ¶ 22). Despite further attempts to contact the responsible parties, plaintiff never received a response. (Compl. ¶ 22). As of the filing of the complaint, plaintiff continued to receive reports from victims or potential victims regarding the <hiring-lw.com> domain name, including incidents in March and April 2017. (Compl. ¶ 23).

## **Proposed Findings and Recommendations**

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure to plead or otherwise defend against the action, the Clerk of Court has entered a default as to the defendant domain name <hiring-lw.com>. (Docket no. 19).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

### Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff has asserted a claim against the defendant domain name pursuant to the ACPA (15 U.S.C. § 1125(d)) and alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). (Compl. ¶ 6).

Plaintiff alleges that this court has *in rem* jurisdiction over the defendant domain name pursuant to 15 U.S.C. § 1125(d)(2)(A), as the registry for <hiring-lw.com> is VeriSign Global Registry Services, and the registrar is Network Solutions LLC, who are located in this District. (Docket no. 21 at 4–5). Plaintiff also alleges that venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) as the registry and registrar for <hiring-lw.com> are located within this District. (Comp. ¶ 8). Plaintiff also alleges this *in rem* action is properly filed because plaintiff's due diligence did not identify "the person who wrongfully registered or used the Domain Name" in this matter pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II). (Compl. ¶ 7). Given the uncontested allegations that the registry and registrar for the defendant domain name are located in this District, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the defendant domain name <hiring-lw.com>, and that venue is proper in this court.

### Service

Rule 4(n)(1) provides that the court may assert jurisdiction over property if authorized by a federal statute, and notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule. Under 15 U.S.C. § 1125(d)(2)(A)(ii)(II), if the court finds that the owner of a trademark through due diligence was not able to find a person who would have been a defendant for violating any right of the owner of a mark protected under

5

subsections (a) or (c), a plaintiff may send a notice of the alleged violation and intent to proceed to the postal and email addresses of the domain name registrant provided by the registrant to the registrar, and publish a notice of the action as directed by the court.

On March 16, 2018, plaintiff moved to either waive service by publication, or enter an order permitting service by publication. (Docket no. 10). Plaintiff alleged that it sent a cease and desist letter to the listed registrant for the defendant domain name and various entities (*i.e.*, registrar, privacy service, etc.) associated with the <hiring-lw.com> domain name in November 2016, on September 20, 2017, and November 30, 2017, but received no response. (Docket no. 11 at 2–3). On March 16, 2018, the court ordered plaintiff to file a notice in either *The Washington Post* or *The Washington Times* and to send a copy of the order to the registrant's listed physical address and email address notifying the registrant that it had twenty-one (21) days from the date of publication to file a responsive pleading. (Docket no. 14). On March 22, 2018, plaintiff published a notice in *The Washington Post*. (Docket no. 15-3). Plaintiff also affirmed that it sent a copy of the publication order to registrant's listed physical address and email address. (Docket no. 15). Based on the foregoing, the undersigned magistrate judge recommends a finding that service of process has been accomplished as set forth in 15 U.S.C. § 1125(d)(2)(A)(ii).

## Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a) and the notice published in *The Washington Post*, anyone making a claim to the defendant domain name <hiring-lw.com> was required to file a responsive pleading by April 12, 2018; twenty-one (21) days after the notice of action was published. No responsive pleading has been filed and no other claims were filed, and the time for doing so has since expired. On May 10, 2018, the court directed plaintiff to obtain

6

an entry of default (Docket no. 17), which it requested on May 11, 2018 (Docket no. 18), and received as to the defendant domain name <hiring-lw.com> on May 14, 2018 (Docket no. 19).

For the reasons stated above, the undersigned magistrate judge recommends a finding that notice of this *in rem* action was proper and that no one has made a timely claim to the defendant domain name, and that the Clerk of Court properly entered a default as to the defendant domain name <hiring-lw.com>.

### Liability

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

**ACPA (Count I)**

The undersigned recommends a finding that the plaintiff has established a violation of the ACPA. As an initial matter, plaintiff contends that it owns the exclusive rights to the "LW" mark, which is shorthand for "Latham &Watkins". (Compl. ¶ 15). Plaintiff has not only used the "LW" mark in a widespread and continuous matter in its legal services in interstate commerce, but also has multiple U.S. Trademark registrations. (Compl. ¶ 15). In particular, Registration No. 2413795, which is described as "[p]roviding information in the field of law via a website on global computer networks and legal services," provides conclusive evidence of the validity of the mark and plaintiff's exclusive right of use of the mark. (Docket no. 21 at 6–7). Plaintiff has not licensed or otherwise authorized the use of the hiring-lw mark. (Docket no. 21 at 7).

To establish an ACPA violation, plaintiff is required to prove (1) that the registrant had a bad faith intent to profit from using the <hiring-lw.com> domain name, and (2) that <hiring-

7

lw.com> is identical or confusingly similar to, or dilutive of, a distinctive mark owned by plaintiff. 15 U.S.C. § 1125(d)(1)(A); *see People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). In determining bad faith, a court may consider several factors, including:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;
>
> (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;
>
> (III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;
>
> (IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;
>
> (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
>
> (VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;
>
> (VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;
>
> (VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and

> (IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c)(1) of this section.

15 U.S.C. § 1125(d)(1)(B)(i); *see People for Ethical Treatment of Animals*, 263 F.3d at 368–69.

First, plaintiff has established that the current registrant of the defendant domain name <hiring-lw.com> had a bad faith intent to profit from the domain name. (Compl. ¶¶ 16–23). Based on the factors set forth in 15 U.S.C. § 1125(d)(1)(B)(i), plaintiff has established that: (1) scammers used <hiring-lw.com> for commercial gain by creating actual confusion as to the domain name's ownership in a manner that harmed plaintiff's goodwill in the marks (Compl. ¶¶ 16–23); and (2) the "LW" mark incorporated in the domain name is distinctive and famous within the meaning of 15 U.S.C. § 1125(c) as evidenced by plaintiff's registration and long-standing use of the mark (Compl. ¶¶ 11–15, 25).

Second, plaintiff has established that <hiring-lw.com> is confusingly similar to the distinctive mark owned by plaintiff. The scammers using the <hiring-lw.com> domain name held themselves out as working for plaintiff, used plaintiff's email format, and offered employment with plaintiff. (Compl. ¶¶ 17–21). As of the filing of the complaint, members of the public continued to be deceived by the confusing similarity between the <hiring-lw.com> domain name and the plaintiff's widely recognized "LW" mark. (Compl. ¶ 23). Therefore, it is recommended that that the court find that plaintiff has established a violation of the ACPA.

## Relief

In this *in rem* action, plaintiff seeks the transfer of the registration for domain name <hiring-lw.com>. (Docket no. 21 at 9). Pursuant to 15 U.S.C. § 1125(d)(1)(C), "[i]n any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain

name to the owner of the mark." This court has previously ordered the transfer of domain names where those domain names infringe on valid trademarks. *See Int'l Bancorp, L.L.C. v. Societe Des Baines De Mer Et Du Cercle Des Etrangers A Monaco*, 192 F. Supp. 2d 467, 490 (E.D. Va. 2002). Given that plaintiff has established a violation of the ACPA through the unauthorized use of plaintiff's marks in the defendant domain name, the undersigned recommends an order: (1) requiring registry VeriSign Global Registry Services to immediately change the registrar of record for <hiring-lw.com> to Safenames, LTD, the registrar specified by plaintiff; and (2) directing Safenames, LTD to take the steps necessary to register <hiring-lw.com> in the name of plaintiff.

## Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of Latham & Watkins LLP ("plaintiff") and against defendant domain name <hiring-lw.com> pursuant to Count I alleging a violation of the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)(1)(C)). The undersigned recommends it be ordered that: (1) registry VeriSign Global Registry Services immediately change the registrar of record for <hiring-lw.com> to Safenames, LTD, the registrar specified by plaintiff; and (2) Safenames, LTD take the steps necessary to register <hiring-lw.com> in the name of plaintiff.

## Notice

By means of the court's electronic filing system and by sending a copy of these proposed findings of fact and recommendations to the postal address for the current registrant of domain name <hiring-lw.com>, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 11th day of June, 2018.

                                                                /s/
                                          John F. Anderson
                                          United States Magistrate Judge

Alexandria, Virginia

11