IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LATHAM & WATKINS LLP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:17-cv-1368 (LMB/JFA) |
| ) | |
| HIRING-LW.COM, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is a Report and Recommendation ("Report") issued by a magistrate judge on June 11, 2018 [Dkt. No. 26], which recommended that default judgment be entered against defendant hiring-lw.com ("hiring-lw.com" or "defendant") on the single count in plaintiff's Complaint. See Report at 10. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file a timely objection waived the right to appeal the substance of the Report and any judgment based on the Report. Id. at 11. As of June 28, 2018, no party has filed an objection. The Court has reviewed the Report, plaintiff's motion for default judgment, and the case file and adopts the Report in full.

The magistrate judge correctly determined that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it involves federal questions arising under the Anti-cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). Id. at 5. The magistrate judge also correctly concluded that this Court has in rem jurisdiction over hiring-lw.com under 15 U.S.C. § 1125(d)(2)(A) and venue is appropriate in this district under 15 U.S.C. § 1125(d)(2)(C) because the registry and registrar for the hiring-lw.com domain name, VeriSign Global Registry Services and Network Solutions LLC, respectively, are located in the Eastern

District of Virginia. Id. Lastly, the magistrate judge correctly concluded that plaintiff properly served hiring-lw.com through both sending notice to the registrant's listed physical address and email address and publishing notice in The Washington Post pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II) and the Court's Order of March 16, 2018 [Dkt. No. 14], and that the Clerk of Court properly entered a default as to hiring-lw.com because nobody made a timely claim to the domain name after proper service. Id. at 5-7.

The Court finds that the magistrate judge correctly determined that plaintiff has pleaded the requirements for obtaining relief under the ACPA. Specifically, plaintiff has adequately pleaded that it owns the "LW" mark, that the current registrant of hiring-lw.com has a bad faith intent to profit from the domain name, and that hiring-lw.com is confusingly similar to the distinctive mark owned by plaintiff. Id. at 7-9. Accordingly, plaintiff has adequately pleaded a violation of 15 U.S.C. § 1125(d). Moreover, the magistrate judge correctly concluded the Court should enter an order pursuant to 15 U.S.C. § 1125(d) requiring registry VeriSign Global Registry Services to immediately change the registrar of record for hiring-lw.com to Safenames, LTD and directing Safenames, LTD to take the steps necessary to register hiring-lw.com in the name of plaintiff.

Accordingly, the Report is ADOPTED and plaintiff's Motion for Default Judgment [Dkt. No. 20] is GRANTED, and it is hereby

ORDERED that default judgment be and is entered against defendant domain name hiring-lw.com on Count 1, which alleges a violation of 15 U.S.C. § 1125(d); and it is further

ORDERED that VeriSign Global Registry Services, the current registry of defendant domain name, be and is directed to promptly change the registrar of record for hiring-lw.com to Safenames, LTD; and it is further

ORDERED that Safenames, LTD be and is directed to take all steps necessary to register hiring-lw.com in the name of plaintiff.

The Clerk is directed to enter judgment in this matter in plaintiff's favor pursuant to Fed. R. Civ. P. 55 and forward copies of this Order to counsel of record.

Entered this 29th day of June, 2018.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge